**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:14-CR-00058-JRG-JDL** |
| **v.** | § | |
| | § | |
| | § | |
| **CHAD DWAIN PARMER (4),** | § | |
| | § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 29, 2019, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Chad Dwain Parmer. The government was represented by Colleen Bloss, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 1.5 Kilograms of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 26 and a criminal history category of I, was 63 to 78 months. On March 22, 2016, District Judge Michael H. Schneider sentenced Defendant to 36 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, obtaining his GED, and substance abuse testing and treatment. On October 11, 2017, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any

controlled substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated his conditions of supervised release when he submitted a urine specimen, which tested positive for methamphetamine on April 4, 2018 and April 12, 2018. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he possessed methamphetamine on April 4, 2018 and April 12, 2018, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as described in Allegation 2 in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 10 months imprisonment, with no supervised release to follow, to run concurrent with the sentence imposed pursuant to Case Number 6:18-cr-65, pending in the Eastern District of Texas, Tyler Division.

The Court therefore **RECOMMENDS** that Defendant Chad Dwain Parmer's plea of true be accepted and he be sentenced to 10 months imprisonment, with no supervised release to follow, to run concurrent with the sentence imposed pursuant to Case Number 6:18-cr-65, pending in the Eastern District of Texas, Tyler Division. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Texarkana or FCI Bastrop, if available. The parties

waived their right to object so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 29th day of January, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE